IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ANTHONY KUMI and DANIEL      )
AHIABAR,                     )
                             )
     Plaintiffs,             )
                             )       CIVIL ACTION NO.
     v.                      )        2:19cv442-MHT
                             )            (WO)
COSTCO WHOLESALE             )
CORPORATION,                 )
                             )
     Defendant.              )
```

OPINION AND ORDER

Plaintiffs brought this lawsuit in state court against defendant Costco Wholesale Corporation, bringing claims of defamation, false imprisonment, negligence, negligent hiring, training, and supervision, invasion of privacy, and tort of outrage, all stemming from an incident in which they were publicly accused of shoplifting by the defendant store's employees, pushed into a corner, and detained in front of other shoppers for about 10-15 minutes. Defendant removed this lawsuit to this court based on diversity-of-citizenship jurisdiction. *See* 28 U.S.C.

§§ 1332 and 1441. Now pending before the court is plaintiffs' motion to remand this lawsuit back to state court. For the reasons explained below, the motion will be granted.

A.

"[R]emoval from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (same). When the jurisdictional amount is not clear from the complaint, the court should consider the allegations of the notice of removal. *See id.* "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by

the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

If the plaintiff contests the defendant's allegation, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. In determining the amount in controversy, the court may rely on its "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). If the case is a close one, doubts about the existence of "jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (same).

"To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity

case exceed a specified amount, currently $75,000." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In determining the amount in controversy, the court considers each plaintiff's claims separately. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002) (citing *Zahn v. International Paper Co.*, 414 U.S. 291, 295 (1973)) ("We do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit, ... [and] only aggregate claims 'when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest.'"). In contrast, the court may aggregate each plaintiff's multiple claims, except to the extent they state mutually exclusive "alternative bases of recovery for the same harm," such as negligence and wantonness. *Jones v. Bradford*, No. CV 17-0155-WS-N, 2017 WL 2376573, at *2 (S.D. Ala. June 1, 2017) (Steele, J.).

4

B.

The court has reviewed the complaint with these precepts in mind and, relying on its own judicial experience and common sense, finds it not facially apparent from the complaint that the amount in controversy is more than $ 75,000 for either plaintiff.

While the plaintiffs frame their claims as comprising a number of different torts, and seek both compensatory and punitive damages for humiliation, embarrassment, physical discomfort and inconvenience, invasion of privacy, reputation damages, mental anguish and emotional distress, the essence of their claims is that each was detained in the public part of a store for 10-15 minutes on suspicion of shoplifting, and they were subjected to verbal insults. The episode was quite brief. Neither was arrested or charged by the police, and although they state they were "pushed" into a corner, there is no claim that they were physically harmed. Complaint (doc. no. 1-1) at 2 ¶ 9. Plaintiffs

do not allege that they suffered any financial harm, or, for example, that their careers suffered as a result of this event.

Nor does the notice of removal establish by a preponderance of the evidence that the amount in controversy is more than $ 75,000 for either plaintiff. The notice relies primarily on the allegations of the complaint to establish the amount in controversy, which for the reasons stated above, leaves the court quite uncertain as to the amount in controversy. Defendant has not provided "affidavits, declarations, or other documentation" in support of federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Moreover, defendant has withdrawn its request for jurisdictional discovery. *See* Response to Motion to Remand (doc. no. 11) at 9 n.3.

The notice of removal does reference several jury verdicts over $ 75,000 in cases defendant contends are "similar" to the instant one. Notice of Removal (doc.

no. 1) at 6. Assuming such references constitute evidence, the court lacks sufficient information about the cited cases--and the current case--to draw any reasonable conclusions about the case before the court. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007) (finding defendant's references to recent jury verdicts in support of removal "in no way clarifies" the value of claims before the court, because "with a record bereft of detail" the court could not "possibly ascertain how similar the current action is to those the defendants cite"). In addition, each of the cited cases is distinctly different from the case at bar: in one, the plaintiff was physically assaulted and imprisoned in the defendant's home; in another, the plaintiff was actually arrested and charged by police; in the third, the plaintiff was accidentally locked for over two months in a storage facility; and in the last, plaintiff brought claims for assault and battery in addition to false imprisonment.

All told, the court has before it little evidence from which it can determine the amount in controversy, and what little it does have leaves it with great doubt.

Defendant argues that, "because Plaintiffs specifically seek unspecified damages in excess of the state court's jurisdictional limits, removal [jurisdiction] is facially apparent." Response Brief (doc. no. 11) at 4. The court disagrees. As an initial matter, the jurisdictional limit for Alabama circuit courts is $ 20,000--a far cry from $ 75,000. *See* 1975 Ala. Code § 12-11-30. As support for its argument, defendant cites *Jones v. Hartford Fire Ins. Co.*, a district court decision in which the judge opined that "the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $ 75,000 and becomes removable under 28 U.S.C. § 1332." No. CIV.A. 12-AR-2879-S, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7,

2013) (Acker, J.). Defendant also cites *Smith v. State Farm Fire & Cas. Co.*, which the *Jones* opinion relied on for its creation of a novel requirement that, to win a motion to remand, plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $ 74,999.99, and categorically state that plaintiff will never accept more." 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (Acker, J.). The court declines to follow *Jones* or *Smith*, which are "not binding or persuasive authority," and impermissibly shift the burden to the non-removing party to establish jurisdiction. *Bennett v. Williams*, No. 7:17-CV-00602-LSC, 2017 WL 3781187, at *2 (N.D. Ala. Aug. 31, 2017) (Coogler, J.) (explaining that *Smith* improperly shifts the burden to the plaintiff and thereby contravenes Supreme Court and Eleventh Circuit case law); *see also*

9

*Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1368 (S.D. Ala. 2018) (Steele, J.) (calling *Smith* a "distinctly minority view in this Circuit" and declining to follow it because "[i]t is well-settled that a removing defendant bears the burden of proving jurisdiction (including amount in controversy) by a preponderance of the evidence when the court questions the defendant's allegation about amount in controversy" and "that a plaintiff's refusal to stipulate to amount in controversy (or its denial of requests for admission as to amount in controversy), without more, does not satisfy that burden because there are several reasons why a plaintiff would not so stipulate").

In sum, defendant has failed to prove by the preponderance of the evidence that the amount in controversy is met. The court is left with a great deal of uncertainty as to the amount in controversy, and accordingly resolves its doubts in favor of remand.

One final matter bears mentioning. In the motion to remand, plaintiffs move the court to sanction defendant under Rule 11 of the Federal Rules of Civil Procedure by awarding costs and attorneys' fees.* Plaintiffs failed to file the separate motion for sanctions required by Federal Rule of Civil Procedure 11(c)(2), so their request will be denied. In any case, as the court sees no evidence of bad faith and does not find defendant's filings frivolous, sanctions are unwarranted. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223-25 (11th Cir. 2017).

---

\* Their request is based on dicta in a footnote in *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) ("We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us--where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice--without seriously testing the limits of compliance with Rule 11.").

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Plaintiffs' motion to remand (doc. no. 5) is granted.

(2) Plaintiffs' motion for sanctions, attorneys' fees, and costs (doc. no. 5) is denied.

(3) Pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for want of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 27th day of November, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**